JENNIE BACHMAN ET AL., APPELLANTS, v. CITY OF NEWARK, RESPONDENT.

Submitted May 29, 1931—Decided February 1, 1932.

For the appellants, *Riker & Riker* (*Irving Riker,* of counsel).

For the respondent, *Frank A. Boettner* and *Frederick H. Groel.*

PER CURIAM.

This is an appeal by the plaintiffs in an ejectment suit from a judgment rendered in favor of the defendant-respondent, city of Newark, upon the decision of Circuit Court Judge Smith to whom the case was submitted without a jury upon an agreed state of facts.

The land is a plot on the west side of Mulberry street in the city of Newark, with a frontage of twenty-six feet nine inches and a depth of slightly over seventy feet. It was, in 1888, condemned for market purposes under *Pamph. L. 1886, ch.* 191. Prior thereto the owner was Abraham Sickel, now deceased, through whom the plaintiffs, children and grandchildren, claim as heirs-at-law. The city had offered Sickel $12,000. The offer was refused and condemnation proceedings ensued. The award by the condemnation commissioners was $14,531.45. There was an appeal by Sickel which resulted in an award of $15,797.98. That amount was paid to Sickel. The city of Newark received no deed but, having acquired title as aforesaid by condemnation, entered into and upon the premises and for many years used the same, together with adjoining lands, for market purposes. A new city market having been established elsewhere, and the old market being discontinued, the city, in June, 1926, adopted an ordinance opening up the land in question as a public street or highway known as Mulberry Court.

Except for the difference in location and in the amount awarded in condemnation, the basic facts are essentially the same as in *Carroll et al.* v. *Newark, ante, p.* 323. The statutory authority was identical. The points here presented are:

1. The use of the land for market purposes has been abandoned.

2. There is no evidence that the former owner received the full value of the land in the condemnation.

3. Where a statute authorizing condemnation does not specifically state the *quantum* of title to be taken, that title only is acquired which is necessary for the purpose for which the condemnation is authorized.

4. The Market act of 1886 does not specifically define the *quantum* of estate to be taken and therefore only a fee-simple determinable was acquired.

5. If the city acquired only a fee-simple determinable, the land reverted to the former owner or his heirs or devisees upon abandonment of the use of the property for market pur-

poses, and the city has no right to use the land for a different purpose without making compensation therefor.

The substance of all of these points has been considered and decided in *Carroll* v. *City of Newark supra*. The opinion therein is dispositive of the issues.

The judgment below will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, HETFIELD, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—PARKER, KAYS, JJ. 2.